**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JULIUS O. WHITE, SR.,**

                        **Plaintiff,**

        v.                                          CASE NO. 21-3032-SAC

**CORE CIVIC, et al.,**

                        **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil filing by a person now held at the Shawnee County Jail. The incidents involved arose while plaintiff was held at the Leavenworth Detention Center operated by CoreCivic in Leavenworth, Kansas. Plaintiff proceeds pro se. For the reasons that follow, the court directs him to show cause why this matter should not be dismissed.

### Nature of the Complaint

Plaintiff sues CoreCivic and (fnu) Lambert, a member of the Special Operations Response Team. Plaintiff states that he and defendant Lambert fought on December 3, 2020, and he claims the defendant used excessive force to subdue him. He seeks monetary damages and the termination of the defendant's employment.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant

who is immune from that relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the United States Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal

citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

*Claims under Bivens*

The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012)(refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71-73 (2001)(holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). In *Minneci*, the Supreme Court stated:

> [W]here … a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between

cases where *Bivens* liability applied and those where it did not was "employment status," that is, whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126. CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. Defendant Lambert is a private employee of that private corporation. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126-27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). The Court reasoned that "in the case of a privately employed defendant, state tort law provides an "alternative, existing process capable of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). The *Minneci* Court also explained that "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id*. at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including

medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id*. at 130. In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963-64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014)(citing *Estate of Belden v. Brown Cty*., 261 P.3d 943 (Kan. App. 2011)(setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012)(unpublished)(citing *Peoples v. CCA Det. Ctrs*., 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where a plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)(finding that an official-capacity claim "contradicts the very

nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Accordingly, plaintiff's remedy against CoreCivic and defendant Lambert, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104-05 (individual CCA defendants owed a duty to protect to plaintiff that, if breached, would impose negligence liability); *Lindsey v. Bowlin*, 557 F.Supp. 2d 1225 (D. Kan. 2008)(Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8-9 (D. Kan. June 27, 2008)(plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3(citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014)(unpublished)). Because plaintiff has an alternative cause of action against the defendants under state law, he is precluded from asserting a *Bivens* action in federal court. Plaintiff's claims are subject to dismissal.

*No physical injury*

Plaintiff's claim for compensatory damages is barred by 42 U.S.C. § 1997e(e) because he has failed to allege a physical injury. Section 1997e(e) provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §

*Response required*

Plaintiff is directed to show cause why his complaint should not be dismissed for the reasons set forth. The failure to respond by the deadline may result in the dismissal of this action for failure to state a claim for relief without further notice. Such a dismissal will not prejudice plaintiff's ability to pursue relief in state court if he chooses to do so.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff shall show cause on or before **February 26, 2021,** why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 11th day of February, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge